UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charles Michael Stokes, # 324518, ) C/A No. 9:10-1535-CMC-BM
)
                 Plaintiff, )
)
vs. ) Report and Recommendation
)
Jon E. Omzint, Director, and )
Jimmy Simmons, Chief/Designee Inmate Greivance Branch., )
)
)
                 Defendants. )
_____

       This is a civil action filed *pro se* by a state prison inmate. Plaintiff is currently confined at the Perry Correctional Institution. In the Complaint filed in this case, Plaintiff alleges that his federal constitutional right to "due process" is being violated by the Defendants, both SCDC officials, because a Step 2 grievance that he filed has not been responded to within the time permitted by the SCDC inmate grievance policy. He claims that it has been more than eight months since he submitted the Step 2 grievance, and that no extensions of time have been sought. Under the grievance policy, a Step 2 grievance should be responded to within sixty days of its submission to the SCDC official responsible for answering the grievance. Plaintiff claims that the late response to his grievance violates his due process rights and asks this Court to award him "punitive damages."

       Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25



(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), as the Complaint in this case fails to state a cause of action based on Plaintiff's claim that his constitutional rights are being violated by the alleged breakdown of the inmate grievance system used by SCDC at Perry Correctional Institution. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

It is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates. *See Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is this case with regard to his Step 2 grievance, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo.1986); *Azeez v. DeRobertis*, 568 F. Supp. 8, 9-11 (N.D. Ill. 1982). Thus, Plaintiff has not set forth a



violation of his constitutional rights, and he is not entitled to the relief that he seeks.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 29, 2010
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

